UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**KEITH RUSSELL JUDD**,

    Petitioner,

v.                                                    **CIVIL NO. 08-1084 MCA/DJS**

**GARY K. KING, Attorney General for the State of New Mexico,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. By this action, Petitioner seeks to compel the state of New Mexico to reinstate his direct appeal entered in CR 95-1311 in the Second Judicial District, Bernalillo County, of New Mexico.[2] In that proceeding, Petitioner was convicted of two counts of Use of Telephone to Terrify, Intimidate, Threaten, Harass, Annoy or Offend (Threat) pursuant to an Alford plea. Petitioner's sentence was deferred for seven hundred and twenty-eight days, on the condition that he be placed on supervised probation for that period of time and that he comply with all conditions of the

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] The Court notes that the plea and disposition agreement in that proceeding waived Petitioner's right to direct appeal. Answer (Docket No. 53), Exhibit C, p. 3.

probation.

    2. This action was originally filed in the United States District Court for the Eastern District of Texas. See Memorandum Opinion Regarding Transfer filed April 3, 2008 (Docket No. 2). It was transferred to the United States District Court for the District of New Mexico because it challenges the validity of the criminal conviction from Bernalillo County, New Mexico and, although Petitioner is in Federal custody in the Eastern District of Texas, that Court determined that the interest of justice would best be served if the petition were transferred to this District. Petitioner has been barred from filing *pro se* actions without prior Court permission in the District of New Mexico, the Western District of Texas, the Fifth Circuit Court of Appeals, the Tenth Circuit Court of Appeals and the Supreme Court. Judd v. Univ. of New Mexico, 204 F.3d 1041, 1044-45 (10th Cir. 2000).

    3. 28 U.S.C. §2254 (b) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal habeas proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent concedes that Petitioner has exhausted his state remedies but contends that Petitioner is not "in custody" as required by 28 U.S.C. §2254(a). Respondent asserts that Petitioner is in custody of the Federal Bureau of Prisons pursuant to a valid judgment from the United States District Court for the Western District of Texas and that the state judgment and sentence he seeks to challenge has been discharged. Petitioner disputes that contention.

    4. A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. Preiser v. Rodriguez, 411 U.S. 475, 489, 494 (1973). 28 U.S.C. §2254(a) provides in part "...a district court shall entertain an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." While the concept of "in custody" does not require that a *habeas*

petitioner be physically confined and extends beyond incarceration to parole on an unexpired sentence, it does not extend to the situation where a petitioner suffers no present restraint from the challenged conviction at the time of the filing for the *habeas* petition. Harvey v. Shillinger, 76 F.3d 1528, 1537 (10th Cir.1996) (citing Maleng v. Cook, 490 U.S. 488, 491-92 (1989)(*per curiam*)). In Maleng, the Supreme Court allowed a prisoner currently serving a federal sentence to challenge the validity of a state sentence that would commence at the end of the federal sentence. 490 U.S. at 493-94. However, a prisoner who has completely served his state sentence is not entitled to *habeas* relief under §2254 even if the state sentence affected the calculation of a federal sentence he is currently serving. Brown v. Warden, Springfield Medical Center for Federal Prisoners, 315 F.3d 1268, 1269-70 (10th Cir. 2003).

    5. In State of New Mexico v. Keith Russell Judd, Cause No. CR-95-1311 in the Second Judicial District, County of Bernalillo, an Order of Dismissal and Discharge from Probation was filed January 7, 1999. Answer (Docket No. 53), Exhibit F. That Order noted that probation in that cause ended about December 16, 1998. Further, Respondent attaches a Judgment in United States v. Keith Russell Judd, Case Number MO-98-CR0093-F in which on September 29, 1999 the United States District Court for the Western District of Texas sentenced Petitioner to serve two sentences of two hundred and ten months, to be served concurrently, on two charges of Mailing Threatening Communications in violation of 18 U.S.C. §876. Answer (Docket No. 53), Exhibit A.

    6. The circumstance of this case are identical to those addressed in Brown, 315 F.3d at 1268. Because Petitioner has completely served his state sentence, he is no longer in custody pursuant to the judgment of a state court as required by 28 U.S.C. §2254(a). Accordingly, this Court lacks jurisdiction to entertain the petition.

**RECOMMENDED DISPOSITION**

That this matter be dismissed for lack of jurisdiction.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**